HARLEY I. LEWIN (HL 1819)
SCOTT GELIN (SG 9599)
JULIE BOOKBINDER (JB 3854)
GREENBERG TRAURIG, LLP
200 Park Avenue, 34th Floor
MetLife Building
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
lewinh@gtlaw.com
gelins@gtlaw.com
bookbinderj@gtlaw.com

Attorneys for Plaintiff
DIANE VON FURSTENBERG STUDIO, L.P.

**JUDGE PRESKA**

**'08 CIV 6154**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------

DIANE VON FURSTENBERG STUDIO, L.P.,
a Delaware limited partnership,

Plaintiff,

v.

MANGO ON-LINE INC., a Delaware
corporation, MANGO MNG HOLDINGS, S.L.,
a Spanish limited company; and PUNTO-FA
S.L., a Spanish limited company,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Civil Action No.**

**COMPLAINT FOR COPYRIGHT
INFRINGEMENT, UNFAIR
COMPETITION AND FALSE
DESIGNATION OF ORIGIN,
UNLAWFUL DECEPTIVE ACTS
AND PRACTICES**

**DEMAND FOR JURY TRIAL**

--------------------------------------------------------

## COMPLAINT

Plaintiff Diane von Furstenberg Studio, L.P. ("DVF") alleges the following for its

Complaint against Defendants MANGO On-Line Inc., Mango MNG Holdings, S.L., and Punto-

Fa S.L. (collectively, "Mango" or "Defendants"):

## THE PARTIES

1.      Plaintiff Diane von Furstenberg Studio, L.P. is a limited partnership, organized and existing under the laws of Delaware, with offices at 440 W. 14th Street, New York, New York 10014.

2.      Upon information and belief, Defendant MANGO On-Line Inc. ("Mango Online") is a Delaware corporation, with its principal place of business at 150 Raritan Center Parkway, Edison, NJ 08837.   MANGO On-Line Inc. operates a retail store on the internet located at the URL <www.mangoshop.com>, which imports, exports, markets, distributes, offers for sale and/or sells Defendants' products throughout the world including, *inter alia,* the United States, New York and this District.

3.      Upon information and belief, Defendant Mango MNG Holdings S.L. ("MNG Holdings") is a Spanish limited company, with its principal place of business at c/ Mercaders, 9-11, Poligono Industrial Riera de Caldes, Apartado de correos 280, E 0 08184 Palau-solità i Plegamans, Barcelona, Spain.   Upon information and belief, MNG Holdings manufactures, arranges for manufacture of, imports, exports, markets, distributes, offers for sale and/or sells Mango branded products in Mango branded retail locations owned and/or operated by or on behalf of MNG Holding and/or Punto-Fa S.L., throughout the world, including, *inter alia,* approximately eighteen (18) retail locations in the United States, including two (2) in the State of New York, and in this District, including a retail location at 561 Broadway, New York, NY 10012.   Upon information and belief, MNG Holdings is the parent company of Defendant MANGO On-Line Inc.

4.      Upon information and belief, Defendant Punto-Fa S.L., a Spanish limited company, with its principal place of business at Calle Mercaders, 9-11 Pg Ind Riera, Caldes,

2

08184 Palau-Solita i Plegamans, Barcelona, Spain, is an affiliate of MNG Holdings. Upon information and belief, Punto-Fa S.L. manufactures, arranges for the manufacture of, imports, exports, markets, distributes, offers for sale and/or sells Mango branded products in Mango branded retail locations owned and/or operated by or on behalf of Punto-Fa S.L. and/or MNG Holdings, throughout the world, including, *inter alia,* approximately eighteen (18) retail locations in the United States, including two (2) in the State of New York, and in this District, including a retail location at 561 Broadway, New York, NY 10012.

## JURISDICTION AND VENUE

5.      This is an action for: (a) copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 501, *et. seq.*; (b) copyright infringement in violation of the copyright laws of Australia, Austria, Belgium, Canada, Denmark, Finland, France, Germany, Ireland, Israel, Italy, Japan, Morocco, Netherlands, Portugal, Sweden, Switzerland, the United Kingdom, Mexico, Greece, Turkey, Poland, Russia, and Spain, all of whom are, together with the United States, signatories to the Berne Convention for the Protection of Literary and Artistic Works ("Berne Convention"); (d) unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); (e) unlawful and deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349; and (f) unfair competition under laws of the State of New York.

6.      Subject matter jurisdiction for the claims of copyright infringement and unfair competition and false designation of origin is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 17 U.S.C. § 501 and 15 U.S.C. § 1125(a).  Supplemental jurisdiction for the claims regarding violations of foreign copyright laws is proper in this Court pursuant to 28 U.S.C. § 1367 because these claims form part of the same case or controversy as the claim for copyright infringement under United States law.  Supplemental jurisdiction for the state law

3

claims of unlawful deceptive acts and practices and unfair competition is proper in this Court pursuant to 28 U.S.C. § 1367 because these claims form part of the same case or controversy as the claim for copyright infringement.

7.     This Court has personal jurisdiction over Defendants in that Defendants conduct business throughout the State of New York, including this District.

8.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) in that Defendants are transacting business within this District.  Further, venue is appropriate since a substantial portion of the acts complained of herein was committed by Defendants within this District.

## FACTUAL BACKGROUND

## DVF PRODUCTS AND SALE OF COPYRIGHTED DESIGNS

9.     Ms. Diane von Furstenberg has been a fixture in the fashion world since the early 1970's.  By 1976, Ms. von Furstenberg had sold more than five million of her iconic silk jersey 'wrap' dresses, and came to symbolize female independence, professionalism and freedom to an entire generation.

10.     In 1997, Ms. von Furstenberg established Diane von Furstenberg Studio, L.P. ("DVF") to sell her signature line of dresses and other women's apparel.  Currently, DVF is a world leader in the design, development, manufacture, advertising, marketing, distribution and sale of designer dresses as well as other women's apparel, accessories, footwear, jewelry, cosmetics, luggage, and other luxury goods (collectively, "DVF Products").

11.     DVF is the owner of numerous trademark registrations for its marks as well as numerous U.S. copyright registrations for its original print and fabric designs.

4

12.     DVF Products have become favorably known throughout the world for their distinctive style, high-quality materials, and superior designs. Genuine DVF Products are easily identified by the mark DIANE VON FURSTENBERG and other marks and by their distinctive fabric print designs, many of which have been registered with the U.S. Copyright Office.

13.     As a result of the high-quality and superb design of DVF Products, these products have achieved an outstanding reputation among consumers worldwide, especially fashion-conscious women. DVF's trademarks and copyrighted prints themselves have become well and favorably known in the fashion industry and to the public as the exclusive source of DVF Products and have come to symbolize the goodwill built up in the DVF brand.

14.     DVF Products are sold at retail in fifty-seven (57) countries worldwide, with a nearly one-third of annual sales occurring outside the United States. DVF Products are sold in high-end department stores throughout the world, such as Saks Fifth Avenue in the United States, Gonzalo Comella in Spain, and Selfridges & Co. in England. In addition, DVF and its affiliates sell DVF Products in four (4) DVF boutiques in the United States and twenty (20) international DVF boutiques in the United Kingdom, Belgium, Spain, France, Russia, Greece, Japan, Korea, China, Hong Kong, and Singapore. DVF also offers for sale and sells DVF Products worldwide through DVF's retail store located on the internet at the URL <www.dvf.com>.

15.     DVF and DVF Products have been the subject of significant and ongoing unsolicited, laudatory press coverage in various media, including editorial coverage in the world's leading fashion and lifestyle magazines.

16.     Periodically throughout the year, DVF releases collections of its new dress and clothing designs. These collections are shown for the first time at DVF's fashion shows during

5

the New York Fall and Spring fashion weeks and other times during the year, and then released to consumers during the following months. Each new collection is reviewed in great detail by the fashion press and receives widespread worldwide media coverage.

17.     DVF enjoys worldwide notoriety as a brand. DVF's marketing efforts, combined with its attention to quality, design and construction, have resulted in billions of dollars of sales worldwide of DVF Products. In particular, consumers and the general public have come to recognize DVF's original print designs, especially on dresses, as emanating from DVF.

18.     One such print design exclusively owned by DVF is known as "Macaroon Stripe" (the "Macaroon Stripe Design"). The Macaroon Stripe Design was created in 2007 and registered with the U.S. Copyright Office on May 9, 2007. The Macaroon Stripe Design features asymmetrical cream-colored vertical brush-strokes over a pale teal background connecting with a horizontal band of brightly-colored abstract flowers outlined in prominent cream-colored circles. A true and correct copy of the Certificate of Registration for U.S. Copyright Registration No. VAu739-986 registered on May 9, 2007 for "Macaroon Stripe" is attached hereto as Exhibit A.

19.     DVF first introduced its Macaroon Stripe Design on dresses and tops in April and May 2007 as part of its annual "resort" seasonal collection. DVF Products bearing the Macaroon Stripe Design were first offered for sale and sold at retail stores in the United States and throughout the world, as well as online, in November 2007. True and correct copies of photographs of DVF Products bearing the Macaroon Stripe Design are attached hereto as Exhibit B.

20.     Another such print design for which DVF owns the copyright is known as "Tahitian Maze" (the "Tahitian Maze Design"). The Tahitian Maze Design was created in 2007 and registered with the U.S. Copyright Office on May 13, 2008. The Tahitian Maze features a

6

distinctive large-scale black and white geometric print with certain closed shapes filled with bright contrasting colors. A true and correct copy of the Certificate of Registration for U.S. Copyright Registration No. VA 1-632-058 for Tahitian Maze is attached hereto as Exhibit C.

21.     DVF first introduced its Tahitian Maze Design on dresses in September 2007 at its Spring 2008 Fashion Show during New York Fashion Week. DVF Products bearing the Tahitian Maze Design were first offered for sale and sold at retail stores in the United States and throughout the world, as well as online, in March 2008. Since then, DVF has used its Tahitian Maze Design extensively on dresses, which continue to be offered for sale throughout the world. A true and correct copy of photograph of a DVF Product bearing the Tahitian Maze Design is attached hereto as Exhibit D.

22.     U.S. Copyright Registration No. VAu739-986 for the Macaroon Stripe Design and Copyright Registration No. VA 1-632-058 for the Tahitian Maze Design create a legal presumption in favor of DVF with respect to the ownership of and validity of the copyright in the Macaroon Stripe Design and the Tahitian Maze Design (collectively, the "DVF Designs"), respectively, in the United States.

23.     Pursuant to the terms of the Berne Convention and the implementing statutes in the signatory countries thereto, each signatory country is obligated to give the same protection under its copyright laws to a work originating in another of the signatory countries as it would to a work originating within that country. Thus, each signatory country of the Berne Convention is obligated to recognize and enforce DVF's copyrights in the DVF Designs as they would if the DVF Designs had originated in that country.

7

## DEFENDANTS' INFRINGING CONDUCT

24.     Without authorization or license from DVF, Defendants have produced and marketed, advertised, distributed, offered for sale and/or sold various styles of dresses and tops bearing prints that are nearly identical to DVF's Macaroon Stripe Design and to DVF's Tahitian Maze Design which carry virtually identical copies of the scale, pattern and colorways of the DVF Designs ("Infringing Garments").

25.     Defendants are selling the Infringing Garments under their "MNG Suit" label. Defendants are extensively advertising, offering for sale, and/or selling the Infringing Garments throughout the world including, *inter alia*, in the United States, New York, and this District via Defendants' Mango brand retail stores, and directly via the internet by Defendant Mango Online's online store. Defendants feature at least one of the Infringing Garments prominently in their online catalog.

26.     Specifically, Defendants' Infringing Garments that copy DVF's Macaroon Stripe Design are a "shirt dress", labeled "Dress RCC MAXMIX", and a top, labeled "TOP MAXMIX" ("Macaroon Stripe Infringing Garments"). The infringing top so closely copies the genuine DVF top bearing the Macaroon Stripe Design that the infringing version even inverts the Macaroon Stripe Design, so that the floral design described in Paragraph 18 above appears at the top of the garment and vertical brush-strokes emanate downward, as on the genuine DVF top.  True and correct copies of printouts from the online store located at the URL <www.mangoshop.com> demonstrating Defendants' offer for sale of the Macaroon Stripe Infringing Garments are attached hereto as Exhibit E.

27.     A third Infringing Garment is a dress bearing a nearly identical copy of the scale and pattern and color-blocking of DVF's Tahitian Maze Design, labeled "VESTIDO BICO"

8

("Tahitian Maze Infringing Dress"). A true and correct copy of a printout from the online store located at the URL <www.mangoshop.com> demonstrating Defendants' offer for sale of the Tahitian Maze Infringing Dress is attached hereto as Exhibit F.

28. Defendants have profited from the unauthorized production, distribution, and worldwide sale of the Infringing Garments bearing the DVF Designs.

29. Upon information and belief, Defendants released the Infringing Garments well after DVF's first publication of its DVF Designs.

30. Upon information and belief, Defendants' infringement of the DVF Designs is willful, done with knowledge of and/or reckless disregard for DVF's rights in its DVF Designs.

31. On or about May 21, 2008, DVF, via its counsel, sent a letter to Defendants advising Defendants of DVF's copyrights in the subject designs and demanding Defendants immediately cease all further use of the DVF Designs and cease all worldwide marketing and sales of the Infringing Garments worldwide.

32. On or about June 2, 2008, Defendants' representative responded to Plaintiff's counsel by email, claiming that Defendants had removed from sale the items identified in Plaintiff's letter of May 21, 2008.

33. Notwithstanding the clear and unequivocal statement by Defendants that they had ceased all sale of the Infringing Garments on June 2, 2008, in fact they have not. As recently as July 2, 2008, Defendants were offering for sale and selling at least one style of the Macaroon Stripe Infringing Garments in their Mango retail stores, and offering for sale at least one style of the Macaroon Stripe Infringing Garments via the internet through their online store. A true and correct copy of a printout from Defendants' website demonstrating Defendants' offer for sale of a Macaroon Stripe Infringing Garment as recently as July 2, 2008 is attached hereto as Exhibit G.

9

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. §§ 501, et. seq.)

34.     DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

35.     DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

36.     DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute, sell otherwise make any use of the DVF Designs.

37.     Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs.

38.     As a direct and proximate result of Defendants' unauthorized use of the DVF Designs, DVF has suffered damages to its valuable copyrighted DVF Designs, and other damages in an amount to be proved at trial.

39.     Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement.

40.     DVF does not have an adequate remedy at law, and will continue to be damaged by Defendants' copyright infringement unless this Court enjoins Defendants from such infringing practices.

## SECOND CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER AUSTRALIAN LAW
## (Australian Copyright Act § 36 )

10

41.     DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

42.     DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

43.     DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

44.     Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Australia.

45.     The United States and Australia are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Australian copyright law as works originating in Australia.

46.     As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Australia, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

47.     Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Australia.

### THIRD CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT UNDER AUSTRIAN LAW
#### (Austrian Federal Law on Copyrights § 81 )

48.     DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

11

49.     DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

50.     DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

51.     Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Austria.

52.     The United States and Austria are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Austrian copyright law as works originating in Austria.

53.     As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Austria, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

54.     Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Austria.

### FOURTH CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT UNDER BELGIAN LAW
### (Belgian Law on Copyright, Article 80)

55.     DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

56.     DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

12

57.     DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

58.     Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Belgium.

59.     The United States and Belgium are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Belgian copyright law as works originating in Belgium.

60.     As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Belgium, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

61.     Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Belgium.

### FIFTH CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT UNDER CANADIAN LAW
### (Canadian Copyright Act § 27)

62.     DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

63.     DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

64.     DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

13

65.     Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Canada.

66.     The United States and Canada are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Canadian copyright law as works originating in Canada.

67.     As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Canada, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

68.     Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Canada.

## SIXTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER DANISH LAW
### (Danish Act on Copyright §§ 76-79, 83 and 84)

69.     DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

70.     DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

71.     DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

72.     Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale

and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Denmark.

73.     The United States and Denmark are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Danish copyright law as works originating in Denmark.

74.     As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Denmark, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

75.     Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Denmark.

**SEVENTH CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER FINNISH LAW**
**(Finnish Copyright Act, Articles 57 and 58)**

76.     DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

77.     DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

78.     DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

79.     Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Finland.

15

80.    The United States and Finland are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Finnish copyright law as works originating in Finland.

81.    As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Finland, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

82.    Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Finland.

**EIGHTH CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER FRENCH LAW**
**(French Copyright Law, Title VI *et seq.*)**

83.    DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

84.    DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

85.    DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

86.    Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in France.

87.    The United States and France are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention,

NY 238,845,192v1 7/3/2008

works originating in the United States, such as the DVF Designs, must be given the same protection under French copyright law as works originating in France.

88.     As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in France, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

89.     Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in France.

## NINTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER GERMAN LAW
### (German Copyright Law, Articles 97 and 98)

90.     DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

91.     DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

92.     DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

93.     Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Germany.

94.     The United States and Germany are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under German copyright law as works originating in Germany.

17

95.     As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Germany, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

96.     Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Germany.

### TENTH CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT UNDER IRISH LAW
### (Irish Copyright Act § 127)

97.     DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

98.     DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

99.     DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

100.    Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Ireland.

101.    The United States and Ireland are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Irish copyright law as works originating in Ireland.

18

102.    As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Ireland, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

103.    Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Ireland.

**ELEVENTH CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER ISRAELI LAW**
**(Israeli Copyright Act § 2)**

104.    DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

105.    DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

106.    DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

107.    Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Israel.

108.    The United States and Israel are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Israeli copyright law as works originating in Israel.

109. As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Israel, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

110. Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Israel.

## TWELFTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER ITALIAN LAW
### (Italian Copyright Statute, Articles 156 and 158)

111. DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

112. DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

113. DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

114. Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Italy.

115. The United States and Italy are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Italian copyright law as works originating in Italy.

20

116.    As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Italy, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

117.    Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Italy.

## THIRTEENTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER JAPANESE LAW
### (Japanese Copyright Law, Articles 112-114)

118.    DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

119.    DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

120.    DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

121.    Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Japan.

122.    The United States and Japan are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Japanese copyright law as works originating in Japan.

NY 238,845,192v1 7/3/2008

123. As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Japan, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

124. Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Japan.

## FOURTEENTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER MOROCCAN LAW
### (Moroccan Law on Copyright § 62 )

125. DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

126. DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

127. DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

128. Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Morocco.

129. The United States and Morocco are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Moroccan copyright law as works originating in Morocco.

130.    As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Morocco, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

131.    Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Morocco.

## FIFTEENTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER DUTCH LAW
### (Dutch Copyright Act, Articles 28 and 31-32)

132.    DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

133.    DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

134.    DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

135.    Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in the Netherlands.

136.    The United States and the Netherlands are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Dutch copyright law as works originating in the Netherlands.

137. As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in the Netherlands, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

138. Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in the Netherlands.

### SIXTEENTH CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT UNDER PORTUGUESE LAW
### (Portuguese Code of Copyright, Article 195)

139. DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

140. DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

141. DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

142. Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Portugal.

143. The United States and Portugal are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Portuguese copyright law as works originating in Portugal.

144.     As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Portugal, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

145.     Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Portugal.

**SEVENTEENTH CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER SWEDISH LAW**
**(Swedish Act on Copyright, Article 54)**

146.     DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

147.     DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

148.     DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

149.     Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Sweden.

150.     The United States and Sweden are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Swedish copyright law as works originating in Sweden.

NY 238,845,192v1 7/3/2008

151.    As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Sweden, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

152.    Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Sweden.

**EIGHTEENTH CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER SWISS LAW**
**(Swiss Federal Law on Copyright, Article 62)**

153.    DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

154.    DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

155.    DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

156.    Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Switzerland.

157.    The United States and Switzerland are both parties to the Berne Convention for the Protection of Literary and Artistic Works.   Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Swiss copyright law as works originating in Switzerland.

26

158.    As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Switzerland, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

159.    Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Switzerland.

**NINETEENTH CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER BRITISH LAW**
**(Copyright, Designs and Patent Act of the United Kingdom § 96)**

160.    DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

161.    DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

162.    DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

163.    Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in the United Kingdom.

164.    The United States and the United Kingdom are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under British copyright law as works originating in the United Kingdom.

165.    As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in the United Kingdom, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

166.    Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in the United Kingdom.

### TWENTIETH CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT UNDER MEXICAN LAW
### (Mexican Federal Law on Copyright, Article 27)

167.    DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

168.    DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

169.    DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

170.    Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Mexico.

171.    The United States and Mexico are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Mexican copyright law as works originating in Mexico.

NY 238,845,192v1 7/3/2008

172.    As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Mexico, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

173.    Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Mexico.

**TWENTY-FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER GREEK LAW**
**(Greek Copyright Law § 65)**

174.    DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

175.    DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

176.    DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

177.    Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Greece.

178.    The United States and Greece are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Greek copyright law as works originating in Greece.

NY 238,845,192v1 7/3/2008

179.    As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Greece, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

180.    Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Greece.

**TWENTY-SECOND CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER TURKISH LAW**
**(Turkish Law No. 5846 on Intellectual and Artistic Works §§ 71-73)**

181.    DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

182.    DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

183.    DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

184.    Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Turkey.

185.    The United States and Turkey are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Turkish copyright law as works originating in Turkey.

186.    As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Turkey, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

187.    Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Turkey.

**TWENTY-THIRD CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER POLISH LAW**
**(Polish Law on Copyrights, Article 17)**

188.    DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

189.    DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

190.    DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

191.    Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Poland.

192.    The United States and Poland are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Polish copyright law as works originating in Poland.

NY 238,845,192v1 7/3/2008

193.    As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Poland, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

194.    Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Poland.

**TWENTY-FOURTH CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER RUSSIAN LAW**
**(Russian Law on Copyright and Neighboring Rights, Article 16)**

195.    DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

196.    DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

197.    DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

198.    Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Russia.

199.    The United States and Russia are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Russian copyright law as works originating in Russia.

32

200.    As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Russia, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

201.    Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Russia.

**TWENTY-FIFTH CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER SPANISH LAW**
**(Spanish Law on Intellectual Property, Articles 138-140)**

202.    DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

203.    DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

204.    DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

205.    Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Spain.

206.    The United States and Spain are both parties to the Berne Convention for the Protection of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Spanish copyright law as works originating in Spain.

207.    As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Spain, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

208.    Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Spain.

**TWENTY-SIXTH CLAIM OF RELIEF**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

209.    DVF repeats and realleges the preceding paragraphs as if fully set forth herein.

210.    DVF has built up valuable goodwill in the distinctive appearance of its DVF Designs on genuine DVF Products.

211.    The consumers and the general public have come to associate the DVF Designs with DVF Products as emanating exclusively from DVF.

212.    The Infringing Garments are nearly identical or substantially similar to genuine DVF Products which bear the DVF Designs, and as such, Defendants' sale of the Infringing Garments is likely to cause confusion to the general purchasing public.

213.    By manufacturing and/or arranging for the manufacture of, advertising, distributing, offering for sale and selling identical replicas of DVF Products bearing the DVF Designs, Defendants misrepresented and falsely described to the general public the origin and source of the Infringing Garments and have created a likelihood of confusion by ultimate purchasers and to others seeing the Infringing Garments as to both the source and sponsorship of such merchandise.

214.    Defendants' unlawful, unauthorized and unlicensed manufacturing, advertising, distributing, offering for sale and/or selling of the Infringing Garments create express and

implied misrepresentations that the Infringing Garments were created, authorized or approved by DVF, all to Defendants' profit and DVF's great damage and injury.

215.    Defendants have realized unjust profits, gains and advantages as a proximate result of its unfair competition.

216.    DVF has no adequate remedy at law.  If Defendants' activities are not enjoined, DVF will continue to suffer irreparable harm and injury to its goodwill and reputation.

**TWENTY-SEVENTH CLAIM OF RELIEF**
**UNLAWFUL DECEPTIVE ACTS AND PRACTICES**
**(New York General Business Law § 349)**

217.    DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

218.    Defendants, without DVF's authorization or consent, and having knowledge of DVF's well-known and prior rights in the DVF Designs have manufactured and/or arranged for the manufacture of, advertised, distributed, offered for sale and sold Infringing Garments to the consuming public in direct competition with DVF Products.

219.    Defendants' use of copies or simulations of the DVF Designs is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Garments, and is likely to deceive the public into believing the Infringing Garments being sold by Defendants originate from, are associated with, or are otherwise authorized by DVF.

220.    Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

221.    Defendants have realized unjust profits, gains and advantages as a proximate result of their unlawful deceptive acts and practices.

222.    DVF has no adequate remedy at law and, if Defendants' activities are not enjoined, DVF will continue to suffer irreparable harm and injury to its goodwill and reputation.

**TWENTY-EIGHTH CLAIM OF RELIEF**
**UNFAIR COMPETITION UNDER LAWS OF THE STATE OF NEW YORK**

223.    DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

224.    DVF has built up valuable goodwill in its DVF Designs.

225.    Defendants' use of the DVF Designs is likely to and does permit Defendants to palm off the Infringing Garments as those of DVF, all to the detriment of DVF and the unjust enrichment of Defendants.

226.    Defendants, upon information and belief, with full knowledge of the fame of DVF and its DVF Designs, intended to and did trade on the goodwill associated with the DVF Designs on DVF Products and have misled and will continue to mislead the public into assuming a connection between DVF and Defendants by manufacturing, arranging for the manufacture, advertising, selling and/or distributing the Infringing Garments.

227.    Defendants' unauthorized use of the DVF Designs has caused and is likely to continue to cause DVF damage by tarnishing the valuable reputations and images associated with DVF and its genuine goods. Defendants have further palmed off its goods as DVF Products by misrepresentations to the consuming public, members of whom are likely to and do believe the Infringing Garments emanate from or are otherwise associated with DVF.

228.    The acts of Defendants mislead and deceive the public as to the source of Defendants' goods, permit and accomplish the palming off of Defendants' goods as those of DVF and falsely suggest a connection with DVF, and therefore constitute acts of unfair competition with DVF in violation of the laws of the State of New York.

NY 238,845,192v1 7/3/2008

229.   Defendants have realized unjust profits, gains and advantages as a proximate result of their unfair competition.

230.   Defendants' acts have and will continue to cause DVF irreparable harm unless enjoined by this Court. DVF has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendants, jointly and severally:

1.   That Defendants, their officers, agents, servants, employees, representatives, confederates, successors and assigns, and all persons and entities acting for, with, by, through, or under them be permanently enjoined from directly or indirectly infringing DVF's Macaroon Stripe Design and DVF's Tahitian Maze Design in any manner throughout the world, including, but not limited to, reproducing, adapting, and/or displaying DVF's Macaroon Stripe Design and DVF's Tahitian Maze Design by distributing, importing, exporting, advertising, selling, and/or offering for sale, or causing others to do so, any product, including without limitation, clothing bearing designs substantially similar to DVF's Macaroon Stripe Design and DVF's Tahitian Maze Design;

2.   That Defendants be required to effectuate the worldwide recall, removal, and return from commercial distribution and/or public display of:

(a)   Any products bearing a design identical or substantially similar to DVF's Macaroon Stripe Design and/or DVF's Tahitian Maze Design manufactured, distributed, imported, exported, advertised, sold, and/or offered for sale by Defendants, their officers, agents, servants, employees, representatives, confederates, successors and assigns, and all

37

persons and entities acting for, with, by, through, or under them, including, without limitation, that design shown in Exhibits F-H annexed hereto; and

(b)     Any promotional and/or advertising materials, packaging, or other items bearing designs substantially similar to DVF's Macaroon Stripe Design and/or DVF's Tahitian Maze Design used or displayed by Defendants, their officers, agents, servants, employees, representatives, confederates, successors and assigns, and all persons and entities acting for, with, by, through, or under them; and

3.     That Defendants be required to deliver up for destruction all of the items called for by Paragraph 2 of this Prayer for Relief, above;

4.     That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth the details of how Defendants have complied with Paragraphs 1 through 3 of this Prayer for Relief, above;

5.     For an award of actual damages sustained by Plaintiff under the copyright laws of the United States, Australia, Austria, Belgium, Canada, Denmark, Finland, France, Germany, Ireland, Israel, Italy, Japan, Morocco, Netherlands, Portugal, Sweden, Switzerland, the United Kingdom, Mexico, Greece, Turkey, Poland, Russia, and Spain;

6.     For an award of Defendants' profits attributable to their copyright infringement under the copyright laws of the United States, Australia, Austria, Belgium, Canada, Denmark, Finland, France, Germany, Ireland, Israel, Italy, Japan, Morocco, Netherlands, Portugal, Sweden, Switzerland, the United Kingdom, Mexico, Greece, Turkey, Poland, Russia, and Spain;

7.     If elected by Plaintiff, for the maximum statutory damages as permitted under the Copyright Act;

8.      For such other amounts as may be proper under 17 U.S.C. § 504;

9.      For an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

10.     For prejudgment interest as permitted by law; and

11.     For such other and further relief as the Court deems just and proper.

NY 238,845,192v1 7/3/2008

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all triable issues raised by this Complaint.

Respectfully submitted,

Dated:  July 3, 2008

GREENBERG TRAURIG, LLP

By:

Harley I. Lewin (HL 1819)
Scott Gelin (SG 9599)
Julie Bookbinder (JB 3854)
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Plaintiff*
*Diane von Furstenberg Studio, L.P.*

40