Eddy Salcedo, Esq. (ES-3391)
Donald Dunn, Esq. (DD-0069)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
Telephone: (212) 218-5500
Email: ESalcedo@seyfarth.com

Bart A. Lazar, Esq. (BL-7984)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5986
Email: BLazar@seyfarth.com

*Attorneys for Defendant*
*Mango On-Line Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

| | |
|---|---|
| DIANE VON FURSTENBERG STUDIO, L.P., a Delaware limited partnership, <br><br> Plaintiff, <br><br> v. <br><br> MANGO ON-LINE INC., a Delaware corporation, MANGO MNG HOLDINGS, S.L., a Spanish limited company; and PUNTO-FA S.L., a Spanish limited company, <br><br> Defendants. | **Civil Action No. 08-6154 (LAP)** <br><br> **ANSWER OF DEFENDANT, MANGO ON-LINE INC., TO COMPLAINT** |

------------------------------------------------------------

## ANSWER TO COMPLAINT

Defendant MANGO ON-LINE INC. ("MANGO On-Line"), by and through its attorneys,

Seyfarth Shaw LLP, hereby makes answer to Plaintiff's Complaint as follows:

CH1 11530788.4

## THE PARTIES

### COMPLAINT ¶ 1:

Plaintiff Diane von Furstenberg Studio, L.P. is a limited partnership, organized and existing under the laws of Delaware, with offices at 440 W. 14th Street, New York, New York 10014.

### ANSWER:

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "1" of the Complaint.

### COMPLAINT ¶ 2:

Upon information and belief, Defendant MANGO On-Line Inc. ("Mango Online") is a Delaware corporation, with its principal place of business at 150 Raritan Center Parkway, Edison, NJ 08837. MANGO On-Line Inc. operates a retail store on the internet located at the URL <www.mangoshop.com>, which imports, exports, markets, distributes, offers for sale and/or sells Defendants' products throughout the world including, *inter alia*, the United States, New York and this District.

### ANSWER:

MANGO On-Line denies the allegations contained in paragraph "3" of the Complaint,

except that MANGO On-Line admits that it is a Delaware corporation with its principal place of

business at 150 Raritan Center Parkway, and admits that it sells apparel and other products solely

in the United States through an Internet web site.

### COMPLAINT ¶ 3:

Upon information and belief, Defendant Mango MNG Holdings S.L. ("MNG Holdings") is a Spanish limited company, with its principal place of business at c/Mercaders, 911, Poligono Industrial Riera de Caldes, Apartado de correos 280, E 0 08184 Palau-solità i Plegamans, Barcelona, Spain. Upon information and belief, MNG Holdings manufactures, arranges for manufacture of, imports, exports, markets, distributes, offers for sale and/or sells Mango branded products in Mango branded retail locations owned and/or operated by or on behalf of MNG Holding and/or Punto-Fa S.L., throughout the world, including, *inter alia*, approximately eighteen (18) retail locations in the United States, including two (2) in the State of New York, and in this District, including a retail location at 561 Broadway, New York, NY 10012. Upon information and belief, MNG Holdings is the parent company of Defendant MANGO On-Line Inc.

2

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "3" of the Complaint,

except that Mango Holdings S.L. is a Spanish limited company, with its principal place of

business at c/Mercaders, 911, Poligono Industrial Riera de Caldes, Apartado de correos 280, E 0

08184 Palau-solità i Plegamans, Barcelona, Spain.

**COMPLAINT ¶ 4:**

Upon information and belief, Defendant Punto-Fa S.L., a Spanish limited company, with
its principal place of business at Calle Mercaders, 9-11 Pg Ind Riera, Caldes, 08184 Palau-Solita
i Plegamans, Barcelona, Spain, is an affiliate of MNG Holdings. Upon information and belief,
Punto-Fa S.L. manufactures, arranges for the manufacture of, imports, exports, markets,
distributes, offers for sale and/or sells Mango branded products in Mango branded retail
locations owned and/or operated by or on behalf of Punto-Fa S.L. and/or MNG Holdings,
throughout the world, including, *inter alia,* approximately eighteen (18) retail locations in the
United States, including two (2) in the State of New York, and in this District, including a retail
location at 561 Broadway, New York, NY 10012.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "4" of the Complaint

insofar as it is alleged that Punto-Fa S.L. owns and/or operates, or has owned and/or operated on

its behalf, any retail locations in the United States whatsoever, admits that Defendant Punto-Fa

S.L. is a Spanish limited company, with its principal place of business at Calle Mercaders, 9-11

Pg Ind Riera, Caldes, 08184 Palau-Solita i Plegamans, Barcelona, Spain, and admits that Punto-

Fa S.L. designs and manufactures Mango brand apparel, and otherwise denies knowledge or

information sufficient to either admit or deny the truth of the remaining allegations.

## JURISDICTION AND VENUE

**COMPLAINT ¶ 5:**

This is an action for: (a) copyright infringement in violation of the Copyright Act, 17
U.S.C. §§ 501, *et. seq.;* (b) copyright infringement in violation of the copyright laws of
Australia, Austria, Belgium, Canada, Denmark, Finland, France, Germany, Ireland, Israel, Italy,
Japan, Morocco, Netherlands, Portugal, Sweden, Switzerland, the United Kingdom, Mexico,
Greece, Turkey, Poland, Russia, and Spain, all of whom are, together with the United States,

3

signatories to the Berne Convention for the Protection of Literary and Artistic Works ("Berne Convention"); (d) unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); (e) unlawful and deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349; and (f) unfair competition under laws of the State of New York.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "5,"

and respectfully refers the Court to the Complaint for all determinations of law.

**COMPLAINT ¶ 6:**

Subject matter jurisdiction for the claims of copyright infringement and unfair competition and false designation of origin is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 17 U.S.C. § 501 and 15 U.S.C. § 1125(a). Supplemental jurisdiction for the claims regarding violations of foreign copyright laws is proper in this Court pursuant to 28 U.S.C. § 1367 because these claims form part of the same case or controversy as the claim for copyright infringement under United States law. Supplemental jurisdiction for the state law claims of unlawful deceptive acts and practices and unfair competition is proper in this Court pursuant to 28 U.S.C. § 1367 because these claims form part of the same case or controversy as the claim for copyright infringement.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "6,"

and respectfully refers the Court to the Complaint for all determinations of law.

**COMPLAINT ¶ 7:**

This Court has personal jurisdiction over Defendants in that Defendants conduct business throughout the State of New York, including this District.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "7" of the Complaint only insofar

as it is alleged with respect to Mango On-Line, and otherwise denies the remaining allegations.

**COMPLAINT ¶ 8:**

Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) in that Defendants are transacting business within this District. Further, venue is appropriate since a substantial portion of the acts complained of herein were committed by Defendants within this District.

CH1 11530788.4

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "8" of the Complaint only insofar

as it is alleged with respect to Mango On-Line, and otherwise denies the remaining allegations.

## FACTUAL BACKGROUND

## DVF PRODUCTS AND SALE OF COPYRIGHTED DESIGNS

### COMPLAINT ¶ 9:

Ms. Diane von Furstenberg has been a fixture in the fashion world since the early 1970's.
By 1976, Ms. von Furstenberg had sold more than five million of her iconic silk jersey 'wrap'
dresses, and came to symbolize female independence, professionalism and freedom to an entire
generation.

### ANSWER:

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "9" of the Complaint.

### COMPLAINT ¶ 10:

In 1997, Ms. von Furstenberg established Diane von Furstenberg Studio, L.P. ("DVF") to
sell her signature line of dresses and other women's apparel. Currently, DVF is a world leader in
the design, development, manufacture, advertising, marketing, distribution and sale of designer
dresses as well as other women's apparel, accessories, footwear, jewelry, cosmetics, luggage,
and other luxury goods (collectively, "DVF Products").

### ANSWER:

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "10" of the Complaint.

### COMPLAINT ¶ 11:

DVF is the owner of numerous trademark registrations for its marks as well as numerous
U.S. copyright registrations for its original print and fabric designs.

### ANSWER:

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "11" of the Complaint.

CHI 11530788.4

## COMPLAINT ¶ 12:

DVF Products have become favorably known throughout the world for their distinctive style, high-quality materials, and superior designs. Genuine DVF Products are easily identified by the mark DIANE VON FURSTENBERG and other marks and by their distinctive fabric print designs, many of which have been registered with the U.S. Copyright Office.

## ANSWER:

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "12" of the Complaint.

## COMPLAINT ¶ 13:

As a result of the high-quality and superb design of DVF Products, these products have achieved an outstanding reputation among consumers worldwide, especially fashion-conscious women. DVF's trademarks and copyrighted prints themselves have become well and favorably known in the fashion industry and to the public as the exclusive source of DVF Products and have come to symbolize the goodwill built up in the DVF brand.

## ANSWER:

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "13" of the Complaint.

## COMPLAINT ¶ 14:

DVF Products are sold at retail in fifty-seven (57) countries worldwide, with a nearly one-third of annual sales occurring outside the United States. DVF Products are sold in high-end department stores throughout the world, such as Saks Fifth Avenue in the United States, Gonzalo Comella in Spain, and Selfridges & Co. in England. In addition, DVF and its affiliates sell DVF Products in four (4) DVF boutiques in the United States and twenty (20) international DVF boutiques in the United Kingdom, Belgium, Spain, France, Russia, Greece, Japan, Korea, China, Hong Kong, and Singapore. DVF also offers for sale and sells DVF Products worldwide through DVF's retail store located on the internet at the URL <www.dvf com>.

## ANSWER:

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "14" of the Complaint.

CH1 11530788.4

**COMPLAINT ¶ 15:**

DVF and DVF Products have been the subject of significant and ongoing unsolicited, laudatory press coverage in various media, including editorial coverage in the world's leading fashion and lifestyle magazines.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "15" of the Complaint.

**COMPLAINT ¶ 16:**

Periodically throughout the year, DVF releases collections of its new dress and clothing designs. These collections are shown for the first time at DVF's fashion shows during the New York Fall and Spring fashion weeks and other times during the year, and then released to consumers during the following months. Each new collection is reviewed in great detail by the fashion press and receives widespread worldwide media coverage.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "16" of the Complaint.

**COMPLAINT ¶ 17:**

DVF enjoys worldwide notoriety as a brand. DVF's marketing efforts, combined with its attention to quality, design and construction, have resulted in billions of dollars of sales worldwide of DVF Products. In particular, consumers and the general public have come to recognize DVF's original print designs, especially on dresses, as emanating from DVF.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "17" of the Complaint.

**COMPLAINT ¶ 18:**

One such print design exclusively owned by DVF is known as "Macaroon Stripe" (the "Macaroon Stripe Design"). The Macaroon Stripe Design was created in 2007 and registered with the U.S. Copyright Office on May 9, 2007. The Macaroon Stripe Design features asymmetrical cream-colored vertical brush-strokes over a pale teal background connecting with a horizontal band of brightly-colored abstract flowers outlined in prominent cream-colored circles. A true and correct copy of the Certificate of Registration for U.S. Copyright Registration No. VAu739-986 registered on May 9, 2007 for "Macaroon Stripe" is attached hereto as Exhibit A.

7

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "18" of the Complaint.

**COMPLAINT ¶ 19:**

DVF first introduced its Macaroon Stripe Design on dresses and tops in April and May 2007 as part of its annual "resort" seasonal collection. DVF Products bearing the Macaroon Stripe Design were first offered for sale and sold at retail stores in the United States and throughout the world, as well as online, in November 2007. True and correct copies of photographs of DVF Products bearing the Macaroon Stripe Design are attached hereto as Exhibit B.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "19" of the Complaint.

**COMPLAINT ¶ 20:**

Another such print design for which DVF owns the copyright is known as "Tahitian Maze" (the "Tahitian Maze Design"). The Tahitian Maze Design was created in 2007 and registered with the U.S. Copyright Office on May 13, 2008. The Tahitian Maze features a distinctive large-scale black and white geometric print with certain closed shapes filled with bright contrasting colors. A true and correct copy of the Certificate of Registration for U.S. Copyright Registration No, VA 1-632-058 for Tahitian Maze is attached hereto as Exhibit C.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "20" of the Complaint.

**COMPLAINT ¶ 21:**

DVF first introduced its Tahitian Maze Design on dresses in September 2007 at its Spring 2008 Fashion Show during New York Fashion Week. DVF Products bearing the Tahitian Maze Design were first offered for sale and sold at retail stores in the United States and throughout the world, as well as online, in March 2008. Since then, DVF has used its Tahitian Maze Design extensively on dresses, which continue to be offered for sale throughout the world. A true and correct copy of photograph of a DVF Product bearing the Tahitian Maze Design is attached hereto as Exhibit D.

8

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "21" of the Complaint.

**COMPLAINT ¶ 22:**

U.S. Copyright Registration No. VAu739-986 for the Macaroon Stripe Design and Copyright Registration No. VA 1-632-058 for the Tahitian Maze Design create a legal presumption in favor of DVF with respect to the ownership of and validity of the copyright in the Macaroon Stripe Design and the Tahitian Maze Design (collectively, the "DVF Designs"), respectively, in the United States.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "22"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

**COMPLAINT ¶ 23:**

Pursuant to the terms of the Berne Convention and the implementing statutes in the signatory countries thereto, each signatory country is obligated to give the same protection under its copyright laws to a work originating in another of the signatory countries as it would to a work originating within that country. Thus, each signatory country of the Berne Convention is obligated to recognize and enforce DVF's copyrights in the DVF Designs as they would if the DVF Designs had originated in that country.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "23"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

## DEFENDANTS' INFRINGING CONDUCT

**COMPLAINT ¶ 24:**

Without authorization or license from DVF, Defendants have produced and marketed, advertised, distributed, offered for sale and/or sold various styles of dresses and tops bearing prints that are nearly identical to DVF's Macaroon Stripe Design and to DVF's Tahitian Maze Design which carry virtually identical copies of the scale, pattern and colorways of the DVF Designs ("Infringing Garments").

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "24" of the Complaint.

9

**COMPLAINT ¶ 25:**

Defendants are selling the Infringing Garments under their "MNG Suit" label. Defendants are extensively advertising, offering for sale, and/or selling the Infringing Garments throughout the world including, *inter alia,* in the United States, New York, and this District via Defendants' Mango brand retail stores, and directly via the internet by Defendant Mango Online's online store. Defendants feature at least one of the Infringing Garments prominently in their online catalog.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "25" of the Complaint.

**COMPLAINT ¶ 26:**

Specifically, Defendants' Infringing Garments that copy DVF's Macaroon Stripe Design axe a "shirt dress", labeled "Dress RCC MAXMIX", and a top, labeled "TOP MAXMIX" ("Macaroon Stripe Infringing Garments"). The infringing top so closely copies the genuine DVF top bearing the Macaroon Stripe Design that the infringing version even inverts the Macaroon Stripe Design, so that the floral design described in Paragraph 18 above appears at the top of the garment and vertical brush-strokes emanate downward, as on the genuine DVF top. True and correct copies of printouts from the online store located at the URL <www.mangoshop.com> demonstrating Defendants' offer for sale of the Macaroon Stripe Infringing Garments are attached hereto as Exhibit E.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "26" of the Complaint.

**COMPLAINT ¶ 27:**

A third Infringing Garment is a dress bearing a nearly identical copy of the scale and pattern and color-blocking of DVF's Tahitian Maze Design, labeled "VESTIDO BICO" ("Tahitian Maze Infringing Dress"). A true and correct copy of a printout from the online store located at the URL <www.mangoshop.com> demonstrating Defendants' offer for sale of the Tahitian Maze Infringing Dress is attached hereto as Exhibit F.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "27" of the Complaint.

**COMPLAINT ¶ 28:**

Defendants have profited from the unauthorized production, distribution, and worldwide sale of the Infringing Garments bearing the DVF Designs.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "28" of the Complaint.

**COMPLAINT ¶ 29:**

Upon information and belief, Defendants released the Infringing Garments well after DVF's first publication of its DVF Designs.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "29" of the Complaint.

**COMPLAINT ¶ 30:**

Upon information and belief, Defendants' infringement of the DVF Designs is willful, done with knowledge of and/or reckless disregard for DVF's rights in its DVF Designs.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "30" of the Complaint.

**COMPLAINT ¶ 31:**

On or about May 21, 2008, DVF, via its counsel, sent a letter to Defendants advising Defendants of DVF's copyrights in the subject designs and demanding Defendants immediately cease all further use of the DVF Designs and cease all worldwide marketing and sales of the Infringing Garments worldwide.

**ANSWER:**

The allegations contained in paragraph "31" of the Complaint are admitted only insofar

as a letter was received on or about May 21, 2008, from counsel purporting to represent Plaintiff,

alleging that certain copyrights were the property of Plaintiff and demanding, among other

things, that Mango On-Line cease marketing and sales of certain garments alleged to be

infringing upon Plaintiff's copyrights, and MANGO On-Line otherwise denies the remaining

allegations.

**COMPLAINT ¶ 32:**

On or about June 2, 2008, Defendants' representative responded to Plaintiffs counsel by email, claiming that Defendants had removed from sale the items identified in Plaintiff's letter of May 21, 2008.

11

**ANSWER:**

MANGO On-Line admits the allegations contained in paragraph "32" of the Complaint

insofar as a representative of another of the Defendants notified Plaintiff's counsel that MANGO

On-Line had removed the allegedly infringing items from sale in the United States, and that

MANGO On-Line, did, in fact, without admitting liability, remove the allegedly infringing items

from sale in the United States for the purpose of amicably resolving this matter without

litigation.

**COMPLAINT ¶ 33:**

Notwithstanding the clear and unequivocal statement by Defendants that they had ceased all sale of the Infringing Garments on June 2, 2008, in fact they have not. As recently as July 2, 2008, Defendants were offering for sale and selling at least one style of the Macaroon Stripe Infringing Garments in their Mango retail stores, and offering for sale at least one style of the Macaroon Stripe Infringing Garments via the internet through their online store. A true and correct copy of a printout from Defendants' website demonstrating Defendants' offer for sale of a Macaroon Stripe Infringing Garment as recently as July 2, 2008 is attached hereto as Exhibit G.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "33" of the Complaint.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. §§501, et. seq.)

**COMPLAINT ¶ 34:**

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 35:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

CHI 11530788.4

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph "35" of the Complaint.

**COMPLAINT ¶ 36:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute, sell otherwise make any use of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "36" of the Complaint.

**COMPLAINT ¶ 37:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "37" of the Complaint.

**COMPLAINT ¶ 38:**

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs, DVF has suffered damages to its valuable copyrighted DVF Designs, and other damages in an amount to be proved at trial.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "38" of the Complaint.

**COMPLAINT ¶ 39:**

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "39" of the Complaint.

CH1 11530788.4

## COMPLAINT ¶ 40:

DVF does not have an adequate remedy at law, and will continue to be damaged by Defendants' copyright infringement unless this Court enjoins Defendants from such infringing practices.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "40" of the Complaint.

## SECOND CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER AUSTRALIAN LAW
### (Australian Copyright Act § 36)

## COMPLAINT ¶ 41:

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

## ANSWER:

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

## COMPLAINT ¶ 42:

DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

## ANSWER:

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "42" of the Complaint.

## COMPLAINT ¶ 43:

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

## ANSWER:

MANGO On-Line admits the allegations of paragraph "43" of the Complaint.

14

CHI 11530788.4

**COMPLAINT ¶ 44:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Australia.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "44" of the Complaint.

**COMPLAINT ¶ 45:**

The United States and Australia are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section 1 of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Australian copyright law as works originating in Australia.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "45"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

**COMPLAINT ¶ 46:**

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Australia, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "46" of the Complaint.

**COMPLAINT ¶ 47:**

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Australia.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "47" of the Complaint.

## THIRD CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER AUSTRIAN LAW
### (Austrian Federal Law on Copyrights § 81)

**COMPLAINT ¶ 48:**

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 49:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "49" of the Complaint.

**COMPLAINT ¶ 50:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "50" of the Complaint.

**COMPLAINT ¶ 51:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Austria.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "51" of the Complaint.

16

## COMPLAINT ¶ 52:

The United States and Austria are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Austrian copyright law as works originating in Austria.

## ANSWER:

MANGO On-Line neither admits nor denies the allegations contained in paragraph "52"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

## COMPLAINT ¶ 53:

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Austria, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "53" of the Complaint.

## COMPLAINT ¶ 54:

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Austria.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "54" of the Complaint.

## FOURTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER BELGIAN LAW
### (Belgian Law on Copyright, Article 80)

## COMPLAINT ¶ 55:

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

## ANSWER:

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

17

**COMPLAINT ¶ 56:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "56" of the Complaint.

**COMPLAINT ¶ 57:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "57" of the Complaint.

**COMPLAINT ¶ 58:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Belgium.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "58" of the Complaint.

**COMPLAINT ¶ 59:**

The United States and Belgium are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Belgian copyright law as works originating in Belgium.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "59"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

18

**COMPLAINT ¶ 60:**

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Belgium, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "60" of the Complaint.

**COMPLAINT ¶ 61:**

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Belgium.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "61" of the Complaint.

## FIFTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER CANADIAN LAW
### (Canadian Copyright Act § 27)

**COMPLAINT ¶ 62:**

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 63:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "63" of the Complaint.

CH1 11530788.4

**COMPLAINT ¶ 64:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "64" of the Complaint.

**COMPLAINT ¶ 65:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Canada.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "65" of the Complaint.

**COMPLAINT ¶ 66:**

The United States and Canada are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section 1 of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Canadian copyright law as works originating in Canada.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "66"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

**COMPLAINT ¶ 67:**

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Canada, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "67" of the Complaint.

**COMPLAINT ¶ 68:**

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Canada.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "68" of the Complaint.

## SIXTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER DANISH LAW
### (Danish Act on Copyright §§ 76-79, 83 and 84)

**COMPLAINT ¶ 69:**

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 70:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "70" of the Complaint.

**COMPLAINT ¶ 71:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "71" of the Complaint.

**COMPLAINT ¶ 72:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Denmark.

21

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "72" of the Complaint.

**COMPLAINT ¶ 73:**

The United States and Denmark are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Danish copyright law as works originating in Denmark.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "73"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

**COMPLAINT ¶ 74:**

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Denmark, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "74" of the Complaint.

**COMPLAINT ¶ 75:**

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Denmark.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "75" of the Complaint.

## SEVENTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER FINNISH LAW
### (Finnish Copyright Act, Articles 57 and 58)

**COMPLAINT ¶ 76:**

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 77:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF
Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "77" of the Complaint.

**COMPLAINT ¶ 78:**

DVF has never authorized, licensed or otherwise permitted Defendants *to* manufacture,
display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "78" of the Complaint.

**COMPLAINT ¶ 79:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing
and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the
Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in
Finland.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "79" of the Complaint.

**COMPLAINT ¶ 80:**

The United States and Finland are both parties to the Berne Convention for the Protection
of Literary and Artistic Works.  Under Article V, Section 1 of the Berne Convention, works
originating in the United States, such as the DVF Designs, must be given the same protection
under Finnish copyright law as works originating in Finland.

23

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "80"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

**COMPLAINT ¶ 81:**

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in
Finland, DVF has suffered damages to its valuable DVF Designs, and other damages in an
amount to be proved at trial.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "81" of the Complaint.

**COMPLAINT ¶ 82:**

Defendants have realized unjust profits, gains and advantages as a proximate result of
their infringement in Finland.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "82" of the Complaint.

## EIGHTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER FRENCH LAW
### (French Copyright Law, Title VI *et seq.*)

**COMPLAINT ¶ 83:**

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth
herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 84:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF
Designs.

## ANSWER:

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "84" of the Complaint.

## COMPLAINT ¶ 85:

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

## ANSWER:

MANGO On-Line admits the allegations of paragraph "85" of the Complaint.

## COMPLAINT ¶ 86:

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale arid/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in France.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "86" of the Complaint.

## COMPLAINT ¶ 87:

The United States and France are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under French copyright law as works originating in France.

## ANSWER:

MANGO On-Line neither admits nor denies the allegations contained in paragraph "87"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

## COMPLAINT ¶ 88:

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in France, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "88" of the Complaint.

**COMPLAINT ¶ 89:**

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in France.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "89" of the Complaint.

## NINTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER GERMAN LAW
### (German Copyright Law, Articles 97 and 98)

**COMPLAINT ¶ 90:**

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 91:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "91" of the Complaint.

**COMPLAINT ¶ 92:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "92" of the Complaint

**COMPLAINT ¶ 93:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the

Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Germany.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "93" of the Complaint.

## COMPLAINT ¶ 94:

The United States and Germany are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section 1 of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under German copyright law as works originating in Germany.

## ANSWER:

MANGO On-Line neither admits nor denies the allegations contained in paragraph "94"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

## COMPLAINT ¶ 95:

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Germany, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "95" of the Complaint.

## COMPLAINT ¶ 96:

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Germany.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "96" of the Complaint.

## TENTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER IRISH LAW
## (Irish Copyright Act § 127)

## COMPLAINT ¶ 97:

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

27

## ANSWER:

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

## COMPLAINT ¶ 98:

DVF is the owner of all right, title and interest in and to the copyrights of the DVF
Designs.

## ANSWER:

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "98" of the Complaint.

## COMPLAINT ¶ 99:

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture,
display, distribute or sell copies of the DVF Designs.

## ANSWER:

MANGO On-Line admits the allegations of paragraph "99" of the Complaint.

## COMPLAINT ¶ 100:

Defendants have copied, displayed and distributed the DVF Designs by manufacturing
and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the
Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in
Ireland.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "100" of the Complaint.

## COMPLAINT ¶ 101:

The United States and Ireland are both parties to the Berne Convention for the Protection
of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works
originating in the United States, such as the DVF Designs, must be given the same protection
under Irish copyright law as works originating in Ireland.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "101"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

**COMPLAINT ¶ 102:**

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in
Ireland, DVF has suffered damages to its valuable DVF Designs, and other damages in an
amount to be proved at trial.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "102" of the Complaint.

**COMPLAINT ¶ 103:**

Defendants have realized unjust profits, gains and advantages as a proximate result of
their infringement in Ireland.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "103" of the Complaint.

**ELEVENTH CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER ISRAELI LAW**
**(Israeli Copyright Act § 2)**

**COMPLAINT ¶ 104:**

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth
herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 105:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF
Designs.

29

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "105" of the Complaint.

**COMPLAINT ¶ 106:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture,
display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "106" of the Complaint.

**COMPLAINT ¶ 107:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing
and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the
Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in
Israel.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "107" of the Complaint.

**COMPLAINT ¶ 108:**

The United States and Israel are both parties to the Berne Convention for the Protection
of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works
originating in the United States, such as the DVF Designs, must be given the same protection
under Israeli copyright law as works originating in Israel.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "108"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

**COMPLAINT ¶ 109:**

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in
Israel, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount
to be proved at trial.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "109" of the Complaint.

CH1 11530788.4

**COMPLAINT ¶ 110:**

Defendants have realized unjust profits, pins and advantages as a proximate result of their infringement in Israel.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "110" of the Complaint.

### TWELFTH CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT UNDER ITALIAN LAW
### (Italian Copyright Statute, Articles 156 and 158)

**COMPLAINT ¶ 111:**

DVF repeats and realleges the preceding paragraphs of this Complaint *as* if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 112:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "112" of the Complaint.

**COMPLAINT ¶ 113:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "113" of the Complaint.

**COMPLAINT ¶ 114:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the

31

Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Italy.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "114" of the Complaint.

## COMPLAINT ¶ 115:

The United States and Italy are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Italian copyright law as works originating in Italy.

## ANSWER:

MANGO On-Line neither admits nor denies the allegations contained in paragraph "115"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

## COMPLAINT ¶ 116:

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Italy, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "116" of the Complaint.

## COMPLAINT ¶ 117:

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Italy.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "117" of the Complaint.

## THIRTEENTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER JAPANESE LAW
## (Japanese Copyright Law, Articles 112-114)

## COMPLAINT ¶ 118:

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 119:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF
Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "119" of the Complaint.

**COMPLAINT ¶ 120:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture,
display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "120" of the Complaint.

**COMPLAINT ¶ 121:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing
and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the
Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in
Japan.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "121" of the Complaint.

**COMPLAINT ¶ 122:**

The United States and Japan are both parties to the Berne Convention for the Protection
of Literary and Artistic Works.  Under Article V, Section I of the Berne Convention, works
originating in the United States, such as the DVF Designs, must be given the same protection
under Japanese copyright law as works originating in Japan.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "122"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

**COMPLAINT ¶ 123:**

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in
Japan, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount
to be proved at trial.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "123" of the Complaint.

**COMPLAINT ¶ 124:**

Defendants have realized unjust -profits, gains and advantages as a proximate result of
their infringement in Japan.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "124" of the Complaint.

**FOURTEENTH CLAIM FOR RELIEF,
COPYRIGHT INFRINGEMENT UNDER MOROCCAN LAW
(Moroccan Law on Copyright § 62**

**COMPLAINT ¶ 125:**

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth
herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 126:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF
Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "126" of the Complaint.

**COMPLAINT ¶ 127:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "127" of the Complaint.

**COMPLAINT ¶ 128:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Morocco.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "128" of the Complaint.

**COMPLAINT ¶ 129:**

The United States and Morocco are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section 1 of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Moroccan copyright law as works originating in Morocco.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "129"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

**COMPLAINT ¶ 130:**

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Morocco, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "130" of the Complaint.

35

**COMPLAINT ¶ 131:**

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Morocco.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "131" of the Complaint.

## FIFTEENTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER DUTCH LAW
### (Dutch Copyright Act, Articles 28 and 31-32)

**COMPLAINT ¶ 132:**

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 133:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "133" of the Complaint.

**COMPLAINT ¶ 134:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "134" of the Complaint.

**COMPLAINT ¶ 135:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the

Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in the Netherlands.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "135" of the Complaint.

## COMPLAINT ¶ 136:

The United States and the Netherlands are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Dutch copyright law as works originating in the Netherlands.

## ANSWER:

MANGO On-Line neither admits nor denies the allegations contained in paragraph "136"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

## COMPLAINT ¶ 137:

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in the Netherlands, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "137" of the Complaint.

## COMPLAINT ¶ 138:

Defendants have realized -unjust profits, gains and advantages as a proximate result of their infringement in the Netherlands.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "138" of the Complaint.

## SIXTEENTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER PORTUGUESE LAW
## (Portuguese Code of Copyright, Article 195)

## COMPLAINT ¶ 139:

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 140:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF
Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "140" of the Complaint.

**COMPLAINT ¶ 141:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture,
display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "141" of the Complaint.

**COMPLAINT ¶ 142:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing
and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the
Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in
Portugal.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "142" of the Complaint.

**COMPLAINT ¶ 143:**

The United States and Portugal are both parties to the Berne Convention for the
Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention,
works originating in the United States, such as the DVF Designs, must be given the same
protection under Portuguese copyright law as works originating in Portugal.

## ANSWER:

MANGO On-Line neither admits nor denies the allegations contained in paragraph "143"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

## COMPLAINT ¶ 144:

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Portugal, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "144" of the Complaint.

## COMPLAINT ¶ 145:

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Portugal.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "145" of the Complaint.

## SEVENTEENTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER SWEDISH LAW
## (Swedish Act on Copyright, Article 54)

## COMPLAINT ¶ 146:

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

## ANSWER:

MANGO On-Line neither admits nor denies the allegations contained in paragraph "146"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

## COMPLAINT ¶ 147:

DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

CH1 11530788.4

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "147" of the Complaint.

**COMPLAINT ¶ 148:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "148" of the Complaint.

**COMPLAINT ¶ 149:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Sweden.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "149" of the Complaint.

**COMPLAINT ¶ 150:**

The United States and Sweden are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Swedish copyright law as works originating in Sweden.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "150"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

**COMPLAINT ¶ 151:**

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Sweden, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "151" of the Complaint.

**COMPLAINT ¶ 152:**

Defendants have realized unjust profits, gains and advantages *as a* proximate result of their infringement in Sweden.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "152" of the Complaint.

## EIGHTEENTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER SWISS LAW
### (Swiss Federal Law on Copyright, Article 621

**COMPLAINT ¶ 153:**

DVF repeats and realleges the preceding paragraphs of this Complaint *as* if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 154:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "154" of the Complaint.

**COMPLAINT ¶ 155:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "155" of the Complaint.

**COMPLAINT ¶ 156:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the

Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Switzerland.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "156" of the Complaint.

## COMPLAINT ¶ 157:

The United States and Switzerland are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Swiss copyright law as works originating in Switzerland.

## ANSWER:

MANGO On-Line neither admits nor denies the allegations contained in paragraph "157"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

## COMPLAINT ¶ 158:

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Switzerland, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "158" of the Complaint.

## COMPLAINT ¶ 159:

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Switzerland.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "159" of the Complaint.

## NINETEENTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER BRITISH LAW
### (Copyright Designs and Patent Act of the United Kingdom § 96)

## COMPLAINT ¶ 160:

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

CH1 11530788.4

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 161:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF
Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "161" of the Complaint.

**COMPLAINT ¶ 162:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture,
display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "162" of the Complaint.

**COMPLAINT ¶ 163:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing
and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the
Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in
the United Kingdom.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "163" of the Complaint.

**COMPLAINT ¶ 164:**

The United States and the United Kingdom are both parties to the Berne Convention for
the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne
Convention, works originating in the United States, such as the DVF Designs, must be given the
same protection under British copyright law as works originating in the United Kingdom.

CHI 11530788.4

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "164"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

**COMPLAINT ¶ 165:**

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in the United Kingdom, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "165" of the Complaint.

**COMPLAINT ¶ 166:**

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in the United Kingdom.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "166" of the Complaint.

**TWENTIETH CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER MEXICAN LAW**
**(Mexican Federal Law on Copyright, Article 27)**

**COMPLAINT ¶ 167:**

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 168:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "168" of the Complaint.

**COMPLAINT ¶ 169:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "169" of the Complaint.

**COMPLAINT ¶ 170:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Mexico.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "170" of the Complaint.

**COMPLAINT ¶ 171:**

The United States and Mexico are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Mexican copyright law as works originating in Mexico.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "171"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

**COMPLAINT ¶ 172:**

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Mexico, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "172" of the Complaint.

**COMPLAINT ¶ 173:**

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Mexico.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "173" of the Complaint.

## TWENTY-FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER GREEK LAW
### (Greek Copyright Law § 65)

**COMPLAINT ¶ 174:**

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 175:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "175" of the Complaint.

**COMPLAINT ¶ 176:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "176" of the Complaint.

**COMPLAINT ¶ 177:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the

46

Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Greece.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "177" of the Complaint.

## COMPLAINT ¶ 178:

The United States and Greece are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Greek copyright law as works originating in Greece.

## ANSWER:

MANGO On-Line neither admits nor denies the allegations contained in paragraph "178"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

## COMPLAINT ¶ 179:

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Greece, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "179" of the Complaint.

## COMPLAINT ¶ 180:

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Greece.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "180" of the Complaint.

### TWENTY-SECOND CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT UNDER TURKISH LAW
### (Turkish Law No. 5846 on Intellectual and Artistic Works §§ 71-73)

## COMPLAINT ¶ 181:

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

47

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 182:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF
Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "182" of the Complaint.

**COMPLAINT ¶ 183:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture,
display, distribute or sell copies of the. DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "183" of the Complaint.

**COMPLAINT ¶ 184:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing
and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the
Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in
Turkey.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "184" of the Complaint.

**COMPLAINT ¶ 185:**

The United States and Turkey are both parties to the Berne Convention for the Protection
of Literary and Artistic Works.  Under Article V, Section 1 of the Berne Convention, works
originating in the United States, such as the DVF Designs, must be given the same protection
under Turkish copyright law as works originating in Turkey.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "185"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

**COMPLAINT ¶ 186:**

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Turkey, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "186" of the Complaint.

**COMPLAINT ¶ 187:**

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Turkey.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "187" of the Complaint.

**TWENTY-THIRD CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT UNDER POLISH LAW**
**(Polish Law on Copyrights, Article 17)**

**COMPLAINT ¶ 188:**

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 189:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "189" of the Complaint.

**COMPLAINT ¶ 190:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "190" of the Complaint.

**COMPLAINT ¶ 191:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Poland.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "191" of the Complaint.

**COMPLAINT ¶ 192:**

The United States and Poland are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section T of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Polish copyright law as works originating in Poland.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "192"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

**COMPLAINT ¶ 193:**

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Poland, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "193" of the Complaint.

**COMPLAINT ¶ 194:**

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Poland.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "194" of the Complaint.

## TWENTY-FOURTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER RUSSIAN LAW
### (Russian Law on Copyright and Neighboring Rights, Article 16)

**COMPLAINT ¶ 195:**

DVF repeats and realleges the preceding paragraphs of this Complaint *as* if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 196:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "196" of the Complaint.

**COMPLAINT ¶ 197:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "197" of the Complaint.

**COMPLAINT ¶ 198:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the

CH1 11530788.4

Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in Russia.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "198" of the Complaint.

## COMPLAINT ¶ 199:

The United States and Russia are both parties to the Berne Convention for the Protection of Literary and Artistic Works. Under Article V, Section I of the Berne Convention, works originating in the United States, such as the DVF Designs, must be given the same protection under Russian copyright law as works originating in Russia.

## ANSWER:

MANGO On-Line neither admits nor denies the allegations contained in paragraph "199"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

## COMPLAINT ¶ 200:

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in Russia, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount to be proved at trial.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "200" of the Complaint.

## COMPLAINT ¶ 201:

Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement in Russia.

## ANSWER:

MANGO On-Line denies the allegations contained in paragraph "201" of the Complaint.

## TWENTY-FIFTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER SPANISH LAW
## (Spanish Law on Intellectual Property, Articles 138-140)

## COMPLAINT ¶ 202:

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 203:**

DVF is the owner of all right, title and interest in and to the copyrights of the DVF
Designs.

**ANSWER:**

MANGO On-Line denies knowledge or information sufficient to admit or deny the truth

of the allegations contained in paragraph "203" of the Complaint.

**COMPLAINT ¶ 204:**

DVF has never authorized, licensed or otherwise permitted Defendants to manufacture,
display, distribute or sell copies of the DVF Designs.

**ANSWER:**

MANGO On-Line admits the allegations of paragraph "204" of the Complaint.

**COMPLAINT ¶ 205:**

Defendants have copied, displayed and distributed the DVF Designs by manufacturing
and/or arranging for manufacture of, advertising, distributing, offering for sale and/or selling the
Infringing Garments, which bear print designs identical or nearly identical to the DVF Designs in
Spain.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "205"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

**COMPLAINT ¶ 206:**

The United States and Spain are both parties to the Berne Convention for the Protection
of Literary and Artistic Works. Under Article V, Section 1 of the Berne Convention, works
originating in the United States, such as the DVF Designs, must be given the same protection
under Spanish copyright law as works originating in Spain.

**ANSWER:**

MANGO On-Line neither admits nor denies the allegations contained in paragraph "206"

of the Complaint, and respectfully refers all questions of law raised therein to the Court.

**COMPLAINT ¶ 207:**

As a direct and proximate result of Defendants' unauthorized use of the DVF Designs in
Spain, DVF has suffered damages to its valuable DVF Designs, and other damages in an amount
to be proved at trial.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "207" of the Complaint.

**COMPLAINT ¶ 208:**

Defendants have realized unjust profits, gains and advantages as a proximate result of
their infringement in Spain.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "208" of the Complaint.

**TWENTY-SIXTH CLAIM OF RELIEF**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

**COMPLAINT ¶ 209:**

DVF repeats and realleges the preceding paragraphs as if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 210:**

DVF has built up valuable goodwill in the distinctive appearance of its DVF Designs on
genuine DVF Products.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "210" of the Complaint.

**COMPLAINT ¶ 211:**

The consumers and the general public have come to associate the DVF Designs with DVF Products as emanating exclusively from DVF.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "211" of the Complaint.

**COMPLAINT ¶ 212:**

The Infringing Garments are nearly identical or substantially similar to genuine DVF Products which bear the DVF Designs, and as such, Defendants' sale of the Infringing Garments is likely to cause confusion to the general purchasing public.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "212" of the Complaint.

**COMPLAINT ¶ 213:**

By manufacturing and/or arranging for the manufacture of, advertising, distributing, offering for sale and selling identical replicas of DVF Products bearing the DVF Designs, Defendants misrepresented and falsely described to the general public the origin and source of the Infringing Garments and have created a likelihood of confusion by ultimate purchasers and to others seeing the Infringing Garments as to both the source and sponsorship of such merchandise.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "213" of the Complaint.

**COMPLAINT ¶ 214:**

Defendants' unlawful, unauthorized and unlicensed manufacturing, advertising, distributing, offering for sale and/or selling of the Infringing Garments create express and implied misrepresentations that the Infringing Garments were created, authorized or approved by DVF, all to Defendants' profit and DVF's great damage and injury.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "214" of the Complaint.

**COMPLAINT ¶ 215:**

Defendants have realized unjust profits, gains and advantages as a proximate result of its unfair competition.

55

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "215" of the Complaint.

**COMPLAINT ¶ 216:**

DVF has no adequate remedy at law. If Defendants' activities are not enjoined, DVF will continue to suffer irreparable harm and injury to its goodwill and reputation.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "216" of the Complaint.

**TWENTY-SEVENTH CLAIM OF RELIEF**
**UNLAWFUL DECEPTIVE ACTS AND PRACTICES**
**(New York General Business Law 4 349)**

**COMPLAINT ¶ 217:**

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 218:**

Defendants, without DVF's authorization or consent, and having knowledge of DVF's well-known and prior rights in the DVF Designs have manufactured and/or arranged for the manufacture of, advertised, distributed, offered for sale and sold Infringing Garments to the consuming public in direct competition with DVF Products.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "218" of the Complaint.

**COMPLAINT ¶ 219:**

Defendants' use of copies or simulations of the DVF Designs is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Garments, and is likely to deceive the public into believing the Infringing Garments being sold by Defendants originate from, are associated with, or are otherwise authorized by DVF.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "219" of the Complaint.

**COMPLAINT ¶ 220:**

Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "220" of the Complaint.

**COMPLAINT ¶ 221:**

Defendants have realized unjust profits, gains and advantages as a proximate result of their unlawful deceptive acts and practices.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "221" of the Complaint.

**COMPLAINT ¶ 222:**

DVF has no adequate remedy at law and, if Defendants' activities are not enjoined, DVF will continue to suffer irreparable harm and injury to its goodwill and reputation.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "222" of the Complaint.

## TWENTY-EIGHTH CLAIM OF RELIEF
## UNFAIR COMPETITION UNDER LAWS OF THE STATE OF NEW YORK

**COMPLAINT ¶ 223:**

DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

MANGO On-Line repeats and realleges the preceding responses to the allegations of the

Complaint as if fully set forth herein.

**COMPLAINT ¶ 224:**

DVF has built up valuable goodwill in its DVF Designs.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "224" of the Complaint.

**COMPLAINT ¶ 225:**

Defendants' use of the DVF Designs is likely to and does permit Defendants to palm off the Infringing Garments as those of DVF, all to the detriment of DVF and the unjust enrichment of Defendants.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "225" of the Complaint.

**COMPLAINT ¶ 226:**

Defendants, upon information and belief, with full knowledge of the fame of DVF and its DVF Designs, intended to and did trade on the goodwill associated with the DVF Designs on DVF Products and have misled and will continue to mislead the public into assuming a connection between DVF and Defendants by manufacturing, arranging for the manufacture, advertising, selling and/or distributing the Infringing Garments.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "226" of the Complaint.

**COMPLAINT ¶ 227:**

Defendants' unauthorized use of the DVF Designs has caused and is likely to continue to cause DVF damage by tarnishing the valuable reputations and images associated with DVF and its genuine goods. Defendants have further palmed off its goods as DVF Products by misrepresentations to the consuming public, members of whom are likely to and do believe the Infringing Garments emanate from or are otherwise associated with DVF.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "227" of the Complaint.

**COMPLAINT ¶ 228:**

The acts of Defendants mislead and deceive the public as to the source of Defendants' goods, permit and accomplish the palming off of Defendants' goods as those of DVF and falsely suggest a connection with DVF, and therefore constitute acts of unfair competition with DVF in violation of the laws of the State of New York.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "228" of the Complaint.

**COMPLAINT ¶ 229:**

Defendants have realized unjust profits, gains and advantages as a proximate result of their unfair competition.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "229" of the Complaint.

**COMPLAINT ¶ 230:**

Defendants' acts have and will continue to cause DVF irreparable harm unless enjoined by this Court. DVF has no adequate remedy at law.

**ANSWER:**

MANGO On-Line denies the allegations contained in paragraph "230" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim as against MANGO On-Line upon which relief can

be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims as against MANGO On-Line are barred by documentary evidence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for relief against MANGO On-Line are barred in whole or part by

laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's copyrighted works, or one of them, are not original to Plaintiff. The

constituent elements that  MANGO On-Line allegedly copied are not original to Plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

MANGO On-Line acted in good faith at all times.

59

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

MANGO On-Line's use, if any, of the original and protectable elements, if any, of

Plaintiff's works constituted fair use.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged designs are ornamental in nature and not protectable as trademarks.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged designs have not acquired secondary meaning.


Defendant reserves the right to assert additional Affirmative Defenses as they
become known.


**WHEREFORE,** MANGO On-Line hereby demands judgment as follows:

(i)      Dismissing Plaintiff's Claims as against Mango On-Line in their entirety with

prejudice; and

(ii)     Granting MANGO On-Line such other and further relief as the Court may deem

just and proper.

60

DATED:       New York, New York            SEYFARTH SHAW LLP
             August 4, 2008

                                           BY: _____

                                           Eddy Salcedo, Esq. (ES-3391)
                                           Donald Dunn, Esq. (DD-0069)
                                           SEYFARTH SHAW LLP
                                           620 Eighth Avenue
                                           New York, New York 10018-1405
                                           Telephone: (212) 218-5500
                                           Email: ESalcedo@seyfarth.com

                                           Bart A. Lazar, Esq. (BL-7984)
                                           SEYFARTH SHAW LLP
                                           131 South Dearborn Street, Suite 2400
                                           Chicago, Illinois 60603
                                           Telephone: (312) 460-5986
                                           Email: BLazar@seyfarth.com

                                           *Attorneys for Defendant*
To:                                        *Mango On-Line Inc.*


       Attorneys for Plaintiff

61

## CERTIFICATE OF SERVICE

Donald R. Dunn Jr., an attorney, hereby certifies that on August 4, 2008, I electronically

filed the foregoing Answer with Affirmative Defenses with the Clerk of the United States

District Court, Southern District of New York using the CM/ECF system, which sent notification

of such filing to the following:

GREENBERG TRAURIG, LLP
200 Park Avenue, 34th Floor
Metlife Building
New York, NY 10166
Harley I. Lewin, Esq.
  Email: lewinh@gtlaw.com
Scott Gelin, Esq.
  Email: gelins@gtlaw.com
Julie Bookbinder, Esq.
  Email: bookbinderj@gtlaw.com

*Attorneys for Plaintiff*
  *Diane Von Furstenberg Studio, L.P.*

_____
Donald R. Dunn, Jr., Esq.